

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXWILL·WILSONXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Nic L. Ladner
County Auditor
DeWitt County
Cuero, Texas

Dear Sir

Opinion No. O-3752
Re: A deputy sheriff in a salary
county cannot serve on a fee
basis. He cannot be a grand
jury bailiff.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Kindly give me your opinion on the following: A Special Deputy appointed by the sheriff with the approval of the Commissioners Court, serving on a fee basis is also acting as District Court Bailiff receiving a District Court Bailiff's pay.

"The question has been raised whether this Special Deputy is entitled to his fees in a County Court Case during the time he is actively serving and drawing his pay as District Court Bailiff?"

Section 13 of Article 3912e, V.A.C.S., reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officers under laws existing on August 24, 1935; ***"

Section 3 of Article 3912e, V.A.C.S. reads as follows:

"In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act to account for fees, commissions and costs collected from private parties."

Section 5 of Article 3912e, V.A.C.S., reads as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent of the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

The population of DeWitt County, Texas, according to the 1940 Federal Census, is 24,938 inhabitants. Therefore it is mandatory under

Section 13 of Article 3912e, V.A.C.S., that the Sheriff of DeWitt County be compensated upon a salary basis.

Opinion No. O-1565 of this department, holds, among other things, that in salary counties deputy sheriffs must be paid on a salary basis and that the Commissioners' Court is prohibited from fixing the compensation of a special deputy sheriff at "whatever he earns and collects in fees." We enclose herewith a copy of said opinion for your information.

There is no such office as "District Court Bailiff". Perhaps you have in mind the following provisions of Article 3933, V.A.C.S.:

"For every day the Sheriff or his deputy shall attend the District or County Court, he shall receive Four Dollars ($4) a day to be paid by the county for each day that the Sheriff by himself or a deputy shall attend said Court."

The above provisions would apply to a sheriff in a fee county but under the plain provisions of Section 3 of Article 3912e, V.A.C.S., supra, a sheriff of a salary county would be prohibited from charging or collecting the $4.00 per diem from the county.

Or perhaps you may have in mind the question of whether the special deputy sheriff can also serve as a Grand Jury Bailiff. This department has repeatedly ruled that a Deputy Sheriff cannot serve as a Grand Jury Bailiff. See opinions Nos. O-122 and O-373 of this department, copies of which are enclosed herewith for your information.

You are therefore respectfully advised as follows:

1. A Special Deputy Sheriff of DeWitt County (a salary county) is not entitled to any fees. He can be compensated only on a salary basis by the Commissioners' Court and be paid from the Officers' Salary Fund of the county.

2. There is no such office as "District Court Bailiff". A Special Deputy Sheriff of DeWitt County cannot be paid anything by the county for waiting on the District Court, nor for waiting on the County Court.

3. Such Special Deputy cannot legally serve as a Grand Jury Bailiff.

Very truly yours

ATTORNEY GENERAL OF TEXAS

WJF:eaw:wc

By s/Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED JULY 22, 1941
s/Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman